**BLACK WARRIOR RIVERKEEPER, INC., Plaintiff,**

v.

**BIRMINGHAM AIRPORT AUTHORITY, et al., Defendants.**

Case No. CV–07–J–591–S.

United States District Court, N.D. Alabama, Southern Division.

May 28, 2008.

Mark E. Martin, Mark E. Martin LLC, Birmingham, AL, for Plaintiff.

J. Alan Truitt, James L. Goyer, III, Christopher J. Williams, Maynard Cooper & Gale PC, E. Glenn Waldrop, Jr., William S. Cox, III, Rachel McCulley Lary, Lightfoot Franklin & White LLC, Birmingham, AL, for Defendants.

## ORDER

INGE PRYTZ JOHNSON, District Judge.

Pending before the court are motions to dismiss and briefs in support of said motions filed by defendants Dunn Construction Company ("Dunn") and Birmingham Airport Authority ("BAA") (docs. 4, 5, 7, 8, 23, 25 and 44). The plaintiff has filed responses to these motions (docs. 14, 15, 19 and 54) and the defendants have filed replies (docs. 57 and 58). The court has considered the pleadings, briefs, affidavits and evidence submitted by the parties. Because the parties have submitted evidence in support of the various motions, responses and replies, the court is of the opinion that the motions are properly considered as motions for summary judgment pursuant to Rule 12(d), Fed.R.Civ.Pro.

## FACTUAL BACKGROUND

The plaintiff brought this action pursuant to the citizen's suit provision of the Federal Water Pollution Control Act, commonly called the Clean Water Act ("CWA"), 33 U.S.C. § 1365, for violations of the CWA and the Alabama Water Pollution Control Act ("AWPCA"). Plaintiff asserts that the airport runway extension project at the Birmingham International Airport is causing discharges of pollutants to Village Creek, in violation of the NPDES General Construction Site Permit, issued by the Alabama Department of Environmental Management ("ADEM"). Complaint, ¶¶ 9, 16. Defendant BAA owns and operates the construction site in question. Complaint, ¶¶ 6, 9. Defendant Dunn is a contractor performing construction work in conjunction with the airport expansion project. Complaint, ¶ 10. All other defendants named in the complaint have been dismissed.

The NPDES permit in question is a General Permit, applicable to construction

sites, issued by the state through ADEM. The requirements for this permit are found at Alabama Administrative Code § 335–6–12–.01, *et seq.* The plaintiff asserts the defendants have violated the permit in a variety of ways, that the violations are ongoing, and that the violations are adversely impacting Village Creek. Plaintiff's response (doc. 54).

The court stayed this case to allow the administrative proceedings pending before ADEM to conclude. In January 2008 the parties informed the court that the proceedings had concluded, resulting in Consent Orders being entered between ADEM and each defendant (doc. 44). The plaintiff thereafter appealed those Consent Orders, but prior to the hearing set on that appeal, voluntarily dismissed its appeals.

## STANDARD OF REVIEW

Although styled as motions to dismiss, both defendants and the plaintiff filed affidavits and evidence in support of their respective pleadings. The court therefore considers the pending motion and responses under Rule 56, Fed.R.Civ.P.

Under Rule 56(c), Fed.R.Civ.P., summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Because the court must consider the pending motion as a motion for summary judgment, the court shall construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *See Adickes v. SH. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

As required when a motion is dismiss is converted to a motion for summary judgment, the court allowed the parties time to respond and reply to the pending motions, such that the plaintiff and defendants were given reasonable opportunity to present evidence, and did present evidence as exhibits to their respective pleadings.

## LEGAL ANALYSIS

The issues before the court on the current motions center around whether this action is barred. Defendants argue that because the plaintiff actively participated in the state enforcement action and voluntarily withdrew its appeal of that process, this case should be dismissed. The defendants further argue that under the doctrine of primary jurisdiction, this case cannot continue. Because ADEM held administrative proceedings resulting in Consent Orders, the defendants assert that the Court should refrain from exercising jurisdiction in deference to ADEM. For reasons set forth below, the court finds this argument less than convincing.

The plaintiff argues that despite the enforcement action by ADEM and the Consent Orders entered by the defendants, the defendants continue to violate their permits. *See* plaintiff's response (doc. 54). The plaintiff also asserts that many of the violations raised in this case were not addressed by the Consent Orders or the administrative actions.[1] *See e.g.,* plaintiff's response (doc. 14) at 4–5. Defendant

---

1. The plaintiff alleged violations of sign posting requirements, violations of reporting, inspecting and monitoring requirements, 19 dates of violation of the water quality standard for turbidity, 24 dates of violation of requirements of Best Management Practices and seven violations from the defendants allowing off-site sedimentation. Plaintiff's response (doc. 14) at 4–5. The plaintiff asserts that from all of these alleged violations, only one date of violation alleged in its complaint is duplicated in the proposed Consent Order issued by ADEM.

Dunn responds that the plaintiff complains of new violations, rather than continuing violations, necessitating a new 60 day notice, which has not been done. Reply of Dunn (doc. 57).

*A. § 1319(g)(A)(ii):*

 The defendants assert that the plaintiff's complaint is barred under 33 U.S.C. § 1365 because the state has diligently prosecuted an enforcement action. Under the CWA, a citizen suit may not be brought if the State "has commenced and is diligently prosecuting an action under a State law comparable to this subsection ..." 33 U.S.C. § 1319(g)(6)(A)(ii). The plaintiff asserts that it falls within the exception to 1319(g)(6)(A)(ii), that being 1319(g)(6)(B)(ii). 33 USC § 1319(g)(6)(B)(ii) states that the limitations in subparagraph A against citizen suits do not apply with respect to any violation for which notice of the violation of 1365(a)(1) was properly given prior to commencement of a State enforcement action and a citizen suit action is filed within 120 days of the date on which the 60 day notice was given. *See Public Interest Research Group of New Jersey, Inc. v. Elf Atochem North America, Inc.,* 817 F.Supp. 1164, 1172 (D.N.J.1993)("The provision goes on to state that the bar does *not* apply if, prior to the commencement of the state enforcement action, the citizen plaintiff has provided 60–days notice of the alleged violations pursuant to § 505(b)(1)(A) of the Act and if the citizen plaintiff thereafter files suit within 120 days after such notice. *See id.* § 1319(g)(6)(B)(ii)").

The court is of the opinion that the exception contained in 33 USC 1319(g)(6)(B)(ii) applies. The plaintiff sent 60 day notices of intent to sue as required by the CWA on January 30, 3007. It could not file suit until March 30, 2007, and did

file suit April 3, 2007. According to plaintiff, this was the 62nd day, placing this action squarely within the exception. See e.g., *Sierra Club v. Hyundai America, Inc.,* 23 F.Supp.2d 1177 (D.Or.1997) (addressing whether or not notice was sent prior to an administrative action being commenced); *Lockett v. EPA,* 319 F.3d 678, 687 (5th Cir.2003); *Altamaha Riverkeepers v. City of Cochran,* 162 F.Supp.2d 1368, 1373 (M.D.Ga.2001)("Even if the EPA or the EPD does take action after receiving notice but before the suit is filed, the suit may proceed if it is filed after the sixty day notice but within 120 days of the date notice was given"); *Community Ass'n for Restoration of Environment v. Henry Bosma Dairy,* 2001 WL 1704240 (E.D.Wash.2001) (finding no bar to the action); *Kara Holding Corp. v. Getty Petroleum Marketing, Inc.,* 67 F.Supp.2d 302 (S.D.N.Y.1999) (same).

According to BAA, on March 16, 2007, Denson received a letter from ADEM notifying the BAA that ADEM intended to prosecute alleged violations "via a Consent Order." Affidavit of Denson, submitted as doc. 24–2, ¶ 3. BAA agreed to the Consent Order on March 26, 2007. Exhibit 1 to Affidavit of Denson, submitted as doc. 23–2. Similarly, ADEM "initiated official proceedings and a proposed Consent Order" to Dunn on March 16, 2007. Affidavit of Al Caskey, Senior Vice President of Defendant Dunn, ¶ 5, submitted as Exhibit A to Brief in Support of Motion to Dismiss (doc. 5). Given Mr. Denson's statements, there was no proceeding by ADEM against BAA on the date the plaintiff filed its 60 day notice. Similarly, by Dunn's own admission, there was no official proceeding against it on the date the plaintiff filed its 60 day notice. This set of facts falls squarely within the § 1319(g)(6)(B)(ii) exception to the § 1319(g)(6)(A)(ii) bar.[2]

---

**2.** Because the court finds the facts of this case clearly within the § 1319(g)(6)(B)(ii) exception, the court does not consider whether ADEM's action met the "commenced and is

The court also notes that as of the date the plaintiff filed this action, April 3, 2007, there was no binding Consent Order in place. Rather, upon obtaining the defendants' signatures on the proposed Orders, those Orders where then subject to a thirty day notice and comment period. *See* Exhibit 1 to Exhibit B to BAA's reply (doc. 23). Based on the comments received, changes could by made to the Consent Orders unilaterally by ADEM, then sent to the defendants for their approval. Given the nebulous nature of the "Consent Order" and the lack of any other evidence of an intention to prosecute the defendants should they not agree to a Consent Order, exactly what was pending before ADEM on April 3, 2007, as far as an "enforcement action" is difficult to ascertain from the record provided by the parties.

The court has also considered the defendants' arguments that § 1319(g)(6)(B)(ii) only applies when the EPA has began an enforcement action, and that state enforcement actions are not within this exception. To this court's knowledge, only one case has ever entered such a holding, that being the Eastern District of California. In *California Sportfishing Protection Alliance v. City of West Sacramento*, 905 F.Supp. 792, 801–804 (E.D.Cal.1995), the District Court concluded that every other court to consider this issue was wrong. However, the court engages in the following analysis to give fair consideration to the holding of that case:

§ 1319(g)(6)(A)(ii) directly deals with violations to which a state has commenced and diligently prosecuting an action under

a state law comparable to the subsection. Making sense of that requires the "subsection" to be § 1319(g), which is entitled "Administrative Penalties." Therefore, the language "prior to commencement of an action under this subsection" has to include state administrative actions as well as actions by the EPA. Any other reading tortures the language. The California court ruled that because a state court action is brought pursuant to a "comparable state law", it cannot be brought "under this subsection" as required by § 1319(g)(6)(B)(ii). However, the prohibition in § 1319(g)(6)(A) against bringing a suit when there is an ongoing state enforcement action only makes sense if "under this subsection" refers to all of § 1319(g). To give it another meaning in a later subparagraph violates basic rules of statutory construction. Therefore, this court will rule the way every other court to consider this issue has, namely that § 1319(g)(6)(B)(ii) applies to both state and EPA enforcement actions.

### B. *§ 1365(b)(1)(B):*

▮ Although the defendants argue that 33 U.S.C. § 1365 bars this action, 33 U.S.C. § 1365(b)(1)(B) only applies as a bar to citizen suits if the state "has commenced or is diligently prosecuting a civil or criminal action in a court." As no "civil or criminal action" case has been filed by ADEM against either of these defendants "in a court," this code section is inapplicable.[3]

---

diligently prosecuting an action under a State law comparable to this subsection ..." requirement of 33 U.S.C. § 1319(g)(6)(A)(ii). Assuming for purposes of this subsection that ADEM's action was a "diligent prosecution," the plaintiff is still entitled to the exception. Assuming that the action was not within the realm of "diligent prosecution," plaintiff would still be entitled to maintain this action.

**3.** The court notes that ADEM's ability to preempt this case pursuant to 33 U.S.C. § 1365(b)(1)(B) by filing a civil or criminal action in a court supports this court's finding that § 1319(g)(6)(B)(ii) specifically allows this type of action to continue, as ADEM did not bring any action in a court after receiving plaintiff's 60 day notice.

### C. Primary Jurisdiction:

Because the statutory language of the CWA clearly provides for situations where an enforcement action is commenced between the time the 60 day notice is sent and a lawsuit filed, the court finds the defendants' arguments concerning primary jurisdiction unpersuasive. Had Congress been concerned with the doctrine of primary jurisdiction, it would not have provided a means for the plaintiff to bring and continue with this action once ADEM began an enforcement action. Additionally, the concept of primary jurisdiction requires only that this court stay this action pending resolution of the administrative proceedings. *See e.g., Smith v. GTE,* 236 F.3d 1292, 1298 n. 3 (11th Cir.2001). The court stayed this action until the administrative proceedings concluded. *See* Notice of Conclusion of Administrative Proceedings dated January 29, 2008 (doc. 44).

### D. Administrative Bar:

Although both defendants argue that the plaintiff somehow lost the ability to proceed with this litigation because it withdrew its administrative appeal of the Consent Orders, neither defendant has provided the court any precedent for this position. 33 U.S.C. § 1365 makes no mention of exhaustion of state remedies as a prerequisite for bringing a citizen suit. *See Citizens for a Better Environment–California v. Union Oil Co. of California,* 83 F.3d 1111, 1119 (9th Cir.1996); *Ohio Valley Environmental Coalition, Inc. v. Apogee Coal Co., LLC* 531 F.Supp.2d 747, 756 (S.D.W.Va.2008).

### E. Ongoing or Recurrent Violations:

The Supreme Court case of *Gwaltney* addressed the issue of the need for ongoing or recurrent violations as a condition precedent to brings an action under the CWA. The Court stated, "...

citizens, unlike the Administrator, may seek civil penalties only in a suit brought to enjoin or otherwise abate an ongoing violation." *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc.,* 484 U.S. 49, 59, 108 S.Ct. 376, 382, 98 L.Ed.2d 306 (1987). The Court continued, "[l]ongstanding principles of mootness ... prevent the maintenance of suit when 'there is no reasonable expectation that the wrong will be repeated.'" *Id.,* 484 U.S. at 66, 108 S.Ct. at 386 (quoting *United States v. W.T. Grant Co.,* 345 U.S. 629, 633, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953)) (quoting *United States v. Aluminum Co. of America,* 148 F.2d 416, 448 (2nd Cir.1945)). The "[m]ootness doctrine thus protects defendants from the maintenance of suit under the Clean Water Act based solely on violations wholly unconnected to any present or future wrongdoing, while it also protects plaintiffs from defendants who seek to evade sanction by predictable 'protestations of repentance and reform.'" *Id.,* 484 U.S. at 66–67, 108 S.Ct. at 386 (quoting *United States v. Oregon State Medical Society,* 343 U.S. 326, 333, 72 S.Ct. 690, 696, 96 L.Ed. 978 (1952)).

Because the plaintiff alleges ongoing violations, not resolved by the Consent Orders, the court finds this suit is not barred by *Gwaltney,* 484 U.S. at 58–59, 108 S.Ct. at 382 ("As long as the plaintiff here can establish one current violation not within a consent order, this case may continue").

Having considered the foregoing, and taking the pleadings in the light most favorable to the plaintiff, the court finds genuine issues of material fact remain in this case. The court further finds no statutory bar to the plaintiff continuing to prosecute this action.

It is therefore **ORDERED** by the court that the defendants' motions to dismiss

(docs. 4, 7 and 44) be and hereby are **DENIED.**